UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62891-BLOOM/Valle

MPL COMMUNICATIONS LIMITED,

    Plaintiff,

v.

123OHOH STORE, *et al.*,

    Defendants.
_____/

### ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. [10] ("Motion"). The Court has carefully considered the Motion and is otherwise fully advised.

Plaintiff seeks an order granting alternative service of process on the Defendants in this action, all of which are foreign. Plaintiff alleges that the Defendants have established Internet-based businesses and utilize electronic means as a reliable form of contact. Therefore, Plaintiff seeks to serve these Defendants by both e-mail and website posting.

Rule 4(h)(2) for the Federal Rules of Civil Procedure defines the contours of service upon foreign corporations and incorporates the service methods set forth regarding individuals in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service

upon a foreign corporation under Rule 4(f)(l) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted. First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D. N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, Defendants have at least one known and valid form of electronic contact and Plaintiff has created a website ("Plaintiff's Website") for the sole purpose of providing notice of this action to Defendants, a link to which will be provided to Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through website posting is "reasonably

calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on the Defendants through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [10]**, is hereby **GRANTED**.

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summonses, Complaint, and all other filings, and discovery upon each Defendant:

    a. by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or via the e-commerce platform email for each of the e-commerce stores. *See* Schedule "A" attached to the Motion, which lists Defendants' Seller IDs and associated means of contact; and

    b. by publicly posting a copy of the Summonses, Complaint, and all filings in this matter on Plaintiff's designated serving notice website appearing at the URL http://servingnotice.com/mocz4c/index.html.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 22, 2019.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record