**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-62891-BLOOM/Valle**

MPL COMMUNICATIONS LIMITED,

 Plaintiff,

v.

123OHOH STORE, *et al.*,

 Defendants.
_____/

**SEALED ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER**

 **THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Application"), ECF No. [6]. The Court has carefully considered the Application, the record in this case, and the applicable law, and is otherwise fully advised.

 By the instant Application, Plaintiff MPL Communications Limited ("Plaintiff") moves *ex parte* for entry of a temporary restraining order against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in Schedule "A" (collectively, "Defendants"), and entry of an order restraining the financial accounts used by Defendants, pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, and the All Writs Act, 28 U.S.C. § 1651(a).

 For the reasons set forth below, Plaintiff's *Ex Parte* Application for Temporary Restraining Order is **GRANTED**.

## I. FACTUAL BACKGROUND[1]

Plaintiff is the registered owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Paul McCartney Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| PAUL McCARTNEY | 2,407,693 | November 28, 2000 | IC 025 – Articles of outer clothing, namely, t-shirts, sweatshirts, waistcoats, jackets, hats, and caps. |
| *Paul McCartney* (signature) | 3,171,747 | November 14, 2006 | IC 025 – Articles of outer clothing and under clothing, namely, suits, jackets, t-shirts, hats, and caps. |

*See* ECF No. [8] ¶¶ 4-5; *see also* ECF No. [1-1] (United States Trademark Registrations for the Paul McCartney Marks at issue). The Paul McCartney Marks are used in connection with the manufacture and distribution of quality goods in the categories identified above. *See* ECF No. [8] ¶¶ 4-5.

Defendants, by operating e-commerce stores via the Internet marketplace platforms, AliExpress.com, Amazon.com, DHgate.com, eBay.com, and Wish.com, under their seller identification names identified on Schedule "A" (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Paul McCartney Marks. *See* ECF No. [8] ¶¶ 10-14; ECF No. [7] ¶ 2; ECF No. [9] ¶ 4.

Although each Defendant may not copy and infringe each Paul McCartney Mark for each

---

[1] The factual background is taken from Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting Declarations submitted by Plaintiff.

category of goods protected, Plaintiff has submitted sufficient evidence showing that each Defendant has infringed at least one or more of the Paul McCartney Marks. *See* ECF No. [8] ¶¶ 10-14. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Paul McCartney Marks. *See id.* ¶¶ 10, 13-14, 17.

Plaintiff's counsel retained Invisible Inc. ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Paul McCartney branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Paul McCartney branded merchandise through the Seller IDs. *See* ECF No. [8] ¶ 11; ECF No. [9] ¶ 3; ECF No. [7] ¶ 2. Invisible accessed all of the e-commerce stores operating under Defendants' Seller IDs and placed orders from each Seller ID for the purchase of various products, all bearing counterfeits of, at least, one of the Paul McCartney Marks at issue in this action, and requested each product to be shipped to Invisible's address in the Southern District of Florida. *See* ECF No. [9] ¶ 4. Each order was processed entirely online, and following the submission of the orders, Invisible received information for finalizing payment for the products ordered from Defendants to Defendants' respective payment accounts and/or payee[2] as identified on Schedule "A." *Id.* At the conclusion

---

[2] Defendant Numbers 1-18 operating via AliExpress, have their payments processed on their behalf using Alipay.com. *See* ECF No. [9] ¶ 4, n.1; ECF No. [7] ¶ 3. As such, Defendants' payment information is not publicly disclosed. However, Alipay accepts and processes payments on behalf of its individual merchants, and can tie a particular Seller ID and/or store number to a reported transaction and identify the merchant's funds held in sub-accounts within its aggregate account. *See id.*

Defendant Numbers 19-21 operate via the non-party Internet marketplace platform, Amazon.com *See* ECF No. [9] ¶ 4, n.2; ECF No. [7] ¶ 4. Amazon.com is an e-commerce marketplace that allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. *See id.*

Defendant Numbers 22-60 use the non-party e-commerce marketplace platform, DHgate.com, which processes its payments via the third-party platform, DHpay.com. *See* ECF No. [9] ¶ 4, n.1; ECF No. [7] ¶ 5. The DHgate.com and DHpay.com platforms are operated by the Dunhuang Group, who utilizes

of the process, the detailed web page captures and images of the Paul McCartney branded products promoted and offered for sale via Defendants' Seller IDs were sent to Plaintiff's representative for inspection. *See* ECF No. [8] ¶ 12; ECF No. [7] ¶ 2.

Plaintiff's representative reviewed and visually inspected the detailed web page captures and images reflecting the Paul McCartney branded products ordered by Invisible via Defendants' Seller IDs, and determined the products were not genuine versions of Plaintiff's goods. *See* ECF No. [8] ¶¶ 13-14.

## II. **LEGAL STANDARD**

In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney

---

Camel FinTech Inc. to process transactions and deal with refunds and chargebacks on behalf of DHgate.com to its customers. *See id.*

Defendant Numbers 61-82 use money transfer and retention services with PayPal, Inc. *See* ECF No. [9] ¶ 4; ECF No. [7] ¶ 6.

Upon completion of Invisible's purchase from Defendant Number 61, no PayPal e-mail account was provided on the transaction page. *See* ECF No. [9] ¶ 4, n.4. However, PayPal is able to identify a PayPal account at issue using the Transaction ID. *See id.* Accordingly, the Transaction ID for Invisible's purchase from Defendant Number 61 is identified on Schedule "A." *See id.*

The payee for the orders placed from Defendant Numbers 83-98 Wish.com Seller IDs identifies "PayPal *Wish." *See id.* ¶ 4, n.5; ECF No. [7] ¶ 7. "WISH (ContextLogic Inc.)" is the named PayPal recipient for individual transactions conducted with sellers through Wish.com. *See id.*

certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

### III. CONCLUSIONS OF LAW

The declarations Plaintiff submitted in support of its Application for Temporary Restraining Order support the following conclusions of law:

A.  Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the Paul McCartney Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Paul McCartney Marks.

B.  Because of the infringement of the Paul McCartney Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1.  Defendants own or control e-commerce stores via Internet marketplace platforms operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

5

2.  There is good cause to believe that more counterfeit and infringing products bearing Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; and

3.  There is good cause to believe that if Plaintiff proceeds on notice to the Defendants on this Application for Temporary Restraining Order, Defendants can easily and quickly transfer or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of seller identification names, thereby thwarting Plaintiff's ability to obtain meaningful relief;

C.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D.  The public interest favors issuance of the temporary restraining order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit products as Plaintiff's genuine goods.

E.  Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of the Paul McCartney Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F.   Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.   In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Upon review of Plaintiff's Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions, it is hereby

**ORDERED** that Plaintiff's Application for Temporary Restraining Order is **GRANTED**, according to the terms set forth below:

## TEMPORARY RESTRAINING ORDER

(1)   Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained:

>   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Paul McCartney Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff; and
>
>   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing the Paul McCartney Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Paul McCartney Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf

of any Defendant.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Paul McCartney Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Paul McCartney Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce stores under their Seller IDs during the pendency of this action, or until further order of the Court;

(5) Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores under their Seller IDs that may have been deleted before the entry of this Order;

(6) Upon receipt of notice of this Order, Defendants and all financial institutions,

payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), Amazon Payments, Inc. ("Amazon"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTeach Inc., PayPal, Inc. ("PayPal"), ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), and their related companies and affiliates shall (i) immediately identify and restrain all funds in all financial accounts, sub-accounts, and/or store URLs associated with the Internet based e-commerce stores operating under the Seller IDs, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the exact same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

(7)  Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc., PayPal, ContextLogic, and their related companies and affiliates, shall further, within five business days of receiving this Order, provide Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identify the financial

account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners or the financial institutions until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, AliExpress, Ant Financial Services, Alipay, Worldpay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc., PayPal, ContextLogic, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court;

(8) This Order shall apply to the Seller IDs, associated e-commerce stores, and any other seller identification names, e-commerce stores, or financial accounts which are being used by the Defendants for the purpose of counterfeiting Plaintiff's Marks at issue in this action and/or unfairly competing with the Plaintiff;

(9) Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

(10) This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

## BOND TO BE POSTED

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00),

as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

## PRELIMINARY INJUNCTION

**(12)    A hearing is set before this Court in the United States Courthouse in the Miami Division, located at 400 North Miami Ave, Courtroom 10-2, Miami, Florida 33128, on December 5, 2019, at 10:00 a.m., at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;**

(13)    After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve a copy of the Complaint, the Application for Temporary Restraining Order, and this Order, on each Defendant by e-mail via their corresponding e-mail address and/or online contact form provided on the e-commerce stores operating under the Seller IDs, or by providing a copy of this Order by e-mail to the marketplace platform for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.  In addition, Plaintiff shall post copies of the Complaint, Application for Temporary Restraining Order, and this Order, as well as all other documents filed in this action on the website located at http://servingnotice.com/mocz4c/index.html and shall provide the address to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to the Defendants by regularly updating the website located at http://servingnotice.com/mocz4c/index.html, or by other means reasonably calculated to give

notice which is permitted by the Court;

(14)   Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the Internet marketplace platforms, and/or financial institutions, payment processors, banks, escrow services, and money transmitters, including but not limited to AliExpress, Ant Financial Services, Alipay, Worldpay, Amazon, Dunhuang Group which operates the DHgate.com and DHpay.com platforms, Camel FinTech Inc., PayPal, ContextLogic, and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with the Defendants' respective Seller IDs;

(15)   Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by **December 3, 2019.** Plaintiff shall file any Reply Memorandum on or before **December 4, 2019.** The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 22, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 19-cv-62891-BLOOM/Valle

## SCHEDULE A
## DEFENDANTS BY NUMBER, SELLER ID / STORE NUMBER, ASSOCIATED FINANCIAL ACCOUNTS, AND STORE URL

| Def. No. | Defendant / Seller ID | Financial Account Information | Store URL |
|---|---|---|---|
| 1 | 123ohoh Store | 5044019 | |
| 2 | blacktshirt Store | 2849032 | |
| 3 | DASHANG Store | 4999272 | |
| 4 | enthusiasm Store | 4433026 | |
| 5 | FlatEarth Sexy Store | 3626117 | |
| 6 | GT-SHIRT Store | 5056076 | |
| 7 | hei'ma Store | 5008234 | |
| 8 | lafeng Store | 4411168 | |
| 9 | lianheguo Store | 4997307 | |
| 10 | lijian08 Store | 4655073 | |
| 11 | manni999 Store | 5001302 | |
| 12 | QFTshirt Store | 5037068 | |
| 13 | Shop3514025 Store | 3514025 | |
| 14 | Shop4581024 Store | 4581024 | |
| 15 | Shop4593019 Store | 4593019 | |
| 16 | Shop4719024 Store | 4719024 | |
| 17 | xiaobawang Store | 4994253 | |
| 18 | zhan jian Store | 5053329 | |
| 19 | huangfuzz | A2HJJN4AVP3TYX | |
| 20 | MOLCONL | A2N7FB7J9IPDTD | |
| 21 | WangZhu | AWEFKN8W4OA2B | |
| 22 | Amesion02 | 21097900 | |
| 23 | Amesion73 | 21124044 | |
| 24 | Amesion92 | 21124265 | |
| 25 | Amesion2507 | 21125147 | |
| 26 | Besttshirts201807 | 21124469 | |
| 27 | Biyue8 | 21138391 | |
| 28 | Burberrytshirt | 21126981 | |
| 29 | Clothing_deals | 21148794 | |
| 30 | Diortshirts | 21126986 | |
| 31 | Dragontee | 21185011 | |
| 32 | Fanyumaoyi09 | 21092718 | |
| 33 | Free_will_shirts | 21122109 | |
| 34 | Gali4 | 21146476 | |
| 35 | Gali6 | 21146480 | |
| 36 | Gaobei07 | 21093034 | |
| 37 | Gooddonnedmyg | 21184842 | |

| 38 | Jie13 | 21175912 | |
|---|---|---|---|
| 39 | Jie030 | 21178250 | |
| 40 | Jie032 | 21182900 | |
| 41 | Jie035 | 21182913 | |
| 42 | Jie47 | 21195984 | |
| 43 | Kfcmantees | 21201011 | |
| 44 | Linnan001 | 21148370 | |
| 45 | Linnan0002 | 21149147 | |
| 46 | Linnatee | 21363770 | |
| 47 | Lvtshirts | 21126985 | |
| 48 | Mhostore | 21154508 | |
| 49 | Mvptshirt | 21182213 | |
| 50 | Pingguo5 | 21082899 | |
| 51 | Pingguo77 | 21083115 | |
| 52 | Sarahtee | 21363693 | |
| 53 | Shitan9 | 21120386 | |
| 54 | Shitan10 | 21120395 | |
| 55 | Sillyboytshirts | 21182212 | |
| 56 | Supertshirts201807 | 21196082 | |
| 57 | Wayslestore | 21119643 | |
| 58 | Willtee | 21361159 | |
| 59 | Yubin10 | 21183719 | |
| 60 | Yuxin08 | 21160783 | |
| 61 | alex_theodore | Transaction ID is 6WW01031ES098101D | |
| 62 | anlist0 | listianaandan@gmail.com | |
| 63 | aycitr0 | 3ayucitra@gmail.com | |
| 64 | basamalah | adi.basamalah1109@gmail.com | |
| 65 | bela_3954 | 5bettylamia@gmail.com | |
| 66 | brigad443 | sonetagroup97@gmail.com | |
| 67 | calonton0 | caklontong4341@gmail.com | |
| 68 | fauzulin_0 | fauzul.lina@yahoo.com | |
| 69 | god.isgood | unlifaja810dudu@gmail.com | |
| 70 | goyangentok | goyangitik91@gmail.com | |
| 71 | indrawa7 | indri.awan@yahoo.com | |
| 72 | insanmulia | haidirrahman90@gmail.com | |
| 73 | jefrgeral0 | taofikhidayat3313@gmail.com | |
| 74 | jimotniel | jimotniels@gmail.com | |
| 75 | luzhongfei2019 | luzhongfei2020@outlook.com | |
| 76 | mikelnovel | mikelnovel2190@gmail.com | |
| 77 | pempeklenjer | endokbebek725@gmail.com | |
| 78 | ru2860 | mohrusdi565@yahoo.com | |

| 79 | simual-0 | ditamalinta45@yahoo.com | |
| 80 | subrotsaputr-0 | subrotosaputro@yahoo.com | |
| 81 | toresdesign | ariskanuraini955@gmail.com | |
| 82 | turtafranki0 | turtan.frankie@yahoo.com | |
| 83 | chenliu fashion | PAYPAL *WISH | https://www.wish.com/merchant/54196d3882b9ac5e1876ffbe |
| 84 | dailing fashion | PAYPAL *WISH | https://www.wish.com/merchant/542001807541ce4596e7d2d6 |
| 85 | daiyuxiu | PAYPAL *WISH | https://www.wish.com/merchant/59b1436b2382701c6e55dd47 |
| 86 | daoyu fashion | PAYPAL *WISH | https://www.wish.com/merchant/540bec647f086e6cbac64ca0 |
| 87 | dream15 | PAYPAL *WISH | https://www.wish.com/merchant/58f2043e8a60c32056305d4e |
| 88 | GuiLin MingDu shop | PAYPAL *WISH | https://www.wish.com/merchant/540532387f086e103b7112aa |
| 89 | haizixuxu | PAYPAL *WISH | https://www.wish.com/merchant/5b6bc903dd0e31378eb81d66 |
| 90 | huwen fashion | PAYPAL *WISH | https://www.wish.com/merchant/541a94887541ce759efd7766 |
| 91 | ming fashion | PAYPAL *WISH | https://www.wish.com/merchant/5409d6837a9eb4668c2a2b26 |
| 92 | ouxing fashion | PAYPAL *WISH | https://www.wish.com/merchant/541c10e5f8abc81501bc0610 |
| 93 | pingping shopping | PAYPAL *WISH | https://www.wish.com/merchant/540ef7fcc5c24645b6d5d21f |
| 94 | shen fashion | PAYPAL *WISH | https://www.wish.com/merchant/54097b397f086e17a987d176 |
| 95 | xujian fashion | PAYPAL *WISH | https://www.wish.com/merchant/541d2643275 4c8384f4f8c18 |
| 96 | yuanyuandedian | PAYPAL *WISH | https://www.wish.com/merchant/585101536339b440a49c39a1 |
| 97 | zhongjian fashion | PAYPAL *WISH | https://www.wish.com/merchant/541d6b20f8abc805f72c8abf |
| 98 | zhoumaomao fashion | PAYPAL *WISH | https://www.wish.com/merchant/5416ead2f8abc87980775b4a |